**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|                                          |     |                          |
| ---------------------------------------- | --- | ------------------------ |
|                                          | }   |                          |
| **Harvey & Symmes Final Plat Application** | }   | **Docket No. 96-5-05 Vtec** |
| **(Appeal of Bevan)**                    | }   |                          |
|                                          | }   |                          |

## Judgment Order

This matter came on for a hearing on the merits on February 2, 2006, Environmental Judge Thomas S. Durkin presiding. There are two appeals pending of the two lot subdivision approval issued by the Charlotte Planning Commission as of May 5, 2005. The initial appeal was filed by Appellants John and Rosemary Bevan, who are represented in this proceeding by Mark G. Hall, Esq. The Bevans own an undeveloped parcel across a private road—White Birch Lane—from the proposed development. A cross-appeal was filed by the Applicants, Jason and Andrea Harvey and William and Caroline Symmes, who are represented by Michael B. Clapp, Esq. The Town of Charlotte (Town) entered an appearance through Will S. Baker, Esq.

Upon the close of the Applicants' case in chief, Appellants and the Town renewed their respective motions to dismiss and strike the Harveys' and Symmes' application and revised site plan. The Court granted these renewed motions, with an explanation entered on the record and which is reproduced below. To the extent that this Judgment Order differs in content from the explanation entered in the record on February 2, 2006, this Judgment Order shall control.

By Order dated Sept 29, 2005, the Court addressed four specific issues that the parties presented by way of cross motions for summary judgment. Relevant to the discussion at the merits hearing is whether the Charlotte Subdivision Bylaws (Bylaws) require the purported easement benefiting Appellants' property to be shown on the preliminary and final subdivision plats. By its September 29th Decision, the Court

granted summary judgment to Appellants by interpreting Bylaws §§ 10 and 11 to specifically require that the preliminary and final subdivision plats show "existing easements."

By that Decision, the Court directed Applicants to revise the plat they intended the Court to consider so that it depicted the Bevans' easement. In response, Applicants filed a revised subdivision plat on November 30, 2005, that did not provide further reference to Appellants' purported easement. As with the prior plat, it contained the following general reference in Note #11: "This property may be subject to rights-of-ways [sic], easements, restrictions, and/or reservations that may or may not be found in the Town of Charlotte Land Records." The revised plat contained no specific reference to Appellants' septic easement.

The revised plat had several other material changes. It significantly expanded the building envelopes on both Lots 1 and 2 from those presented to the Planning Commission. It also deleted the hash mark reference to the area in which "R.O.W. #3" was located on Lot 2.

In response to the Nov. 30th revised plat, both Appellants and the Town filed additional motions to dismiss and to strike. The Court issued a Supplemental Order on January 18, 2006. In response, on January 27th, (four business days before trial), Applicants filed another revised plat. This final revision continued to show the expanded building envelopes. It now showed "R.O.W. #3" in the same general manner as the first plat, although Mr. Symmes testified that it may have been relocated slightly, by sixty feet or so. Of interest to the Court is that the expanded building envelope on Lot 2 now appeared to encroach upon the area delineated for the approximate location of R.O.W. #3. The January 27th plat also included a new reference identified as "Area A," which is also referenced in a new Note 15.

Area A is shown as having a square dimension of 125 feet by 125 feet. Mr. Symmes testified that the determination of the location and size of Area A was made

without reference to deeds, prior site maps, or the easement deed that was the origin of Appellants' easement. Rather, according to Mr. Symmes, the "Area A" dimensions were based upon what "may be best" for the siting of the Appellants' septic system, particularly from the perspective of Applicants' future development. This is not a proper foundation for compliance with Bylaws §§ 10 and 11.

Subdivision regulations often require identification of easements on subdivision plats. The Charlotte Bylaws specifically require subdivision plats to show "existing easements." It appears to the Court that this requirement serves a very practical purpose: to determine if the proposed development encroaches in any way upon rights of other parties to the property.

It is unfortunate that the parties, and this comment is directed to all parties, have been unable to come to a resolution of this apparent dispute concerning easements and rights-of-way. In the absence of some foundation in the record, such as a deed, recorded plats, or surveys that Applicants can reference, the Court is forced to conclude that Applicants have not fulfilled their threshold burden of showing easements on their revised site plat, as required by the Bylaws.

Of additional concern to the Court is the significant change to the size and expanse of the building envelopes. In this regard, the Court finds merit in the Town's assertion that the application reviewed by the Town Planning Commission relied upon preliminary and final site plats that showed first a building site and then a building envelope that were significantly smaller than those Applicants presented at trial. The Planning Commission, in Finding #5 of its May 5, 2005 Decision, specifically referenced the importance of the envelopes once proposed by the Applicants:

> The proposed envelopes are at opposite ends of the property. While the Planning Commission usually seeks to cluster dwellings, the proposed envelopes will result in both dwellings blending to the greatest degree possible with the landscape. The dwelling on the northern lot will be located in a mature planted forested area. The dwelling on the southern

lot will be located adjacent to a wood line near the southern property line and where the grade becomes somewhat more steep, allowing the house to fit into the hillside and to be "backgrounded" by woods to the south.

Applicants' Statement of Questions contains no basis for this Court to consider an application on appeal with a significant change to the building envelopes from the application that was first presented to the Town. It is regrettable that the result of this determination is that the application, as presented at trial, is **DENIED**, but such a result is necessary to respect the jurisdictional limits of this Court.

To the extent that Applicants wish to seek approval of a subdivision plan that incorporates building envelopes as are now depicted on their January 27, 2006 plat, it is improper for this Court to review that application without the Planning Commission first reviewing it. And for those reasons, Appellants' motion to dismiss Applicants' application and cross-appeal is **GRANTED**. In granting Appellants' motion, the Court specifically finds that the application, as currently presented, fails to comport with Bylaws §§ 10 and 11 and is beyond the scope and significantly different from the application first presented to the Planning Commission. Therefore, it is improper for this Court to review and render a decision upon the application presented here.

As a result, the Planning Commission's May 5, 2005 approval is **VACATED.** Appellants' appeal is **GRANTED**. In so doing, the Court has determined as a matter of law that an application put forth for the subdivision of the subject property must depict all encumbering easements in a specific manner that has some foundation in the chain of title for the dominant and servient estates. The proceedings over which this Court has jurisdiction are now concluded.

Done at Berlin, Vermont, this 22nd day of February, 2006.

_____

Thomas S. Durkin, Environmental Judge